# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3776 | **DATE** | 7/5/2011 |
| **CASE TITLE** | DeAndre McMichaels (2010-1112178) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $24.33 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for all defendants. The United States Marshals Service is appointed to serve defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and an amended civil rights form with the forms respective filing instructions along with a copy of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Pro se plaintiff DeAndre McMichaels has brought a civil rights suit pursuant to 42 U.S.C. § 1983 challenging his treatment by the Chicago Police Officer defendants. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and his complaint for an initial review pursuant to 28 U.S.C. § 1915A.

     Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $24.33 The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the Jail to another correctional facility.

     Turning to the initial review of plaintiff's complaint, plaintiff alleges that in November 2010, he was at his girlfriend's home in Chicago, Illinois when the Chicago Police Officer defendants came to the home to arrest his girlfriend's son. Plaintiff protested the level of force used against his girlfriend and her son. The officers responded by arresting him and using excessive force including hitting him in the face, pulling his

**STATEMENT**

hair, and kneeing him in the side. The officers allegedly continued to use excessive force while he was in the police car and at the police station. The officers also allegedly failed to provide him with medical care for his injuries while he was detained at the police station.

Plaintiff raises claims of both excessive force and failure to provide necessary medical care. He does not address the legality of his arrest. Plaintiff may proceed with both an excessive force claim and failure to provide medical care claim. *Marion v. City of Corydon, Ind.*, 559 F.3d 700, 704-05 (7th Cir. 2009) (citations omitted) (excessive force); *Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007) (citing *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006)) (failure to provide medical care); *Sides v. City of Champaign*, 496 F.3d 820, 827-28 (7th Cir. 2007) (failure to provide medical care); *Smith v. Hunt*, No. 08 C 6982, 2010 WL 3842374, at *9-*12 (N.D. Ill. Sept. 27, 2010) (failure to provide medical care).

Plaintiff has named a John Doe Chicago Police Office supervisor as a defendant. This is permissible because plaintiff is seeking to hold John Doe liable for his own actions. He is labeling John Doe as a supervisor for identification purposes, he is not invoking Doe's supervisory position as the basis of his liability. *See T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)) (explaining that a supervisory is liable for his own unconstitutional actions).

Plaintiff should be aware, however, that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. He cannot obtain service on a John Doe defendant, he must determine his names. To facilitate the identification of a Doe defendant, plaintiff may name a supervisor such as the Superintendent of the Chicago Police, and once an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendant's identity, he may submit a proposed amended complaint that names the Doe defendant under his actual name. Summons will then issue for service on the Doe defendant who allegedly injured him. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Doe defendant as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Should plaintiff decide to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

The clerk shall issue summonses for service of the complaint on the defendants. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

| **STATEMENT** |
|---|

     The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any City of Chicago and/or Chicago Police Department employee who can no longer be found at the work address provided by the plaintiff, the City of Chicago and/or the Chicago Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

     The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

     In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $24.33 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for all defendants. The United States Marshals Service is appointed to serve defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and an amended civil rights form with the forms respective filing instructions along with a copy of this order.