UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEANDRE MCMICHAELS, ) | |
| ) | Case No. 11 C 3776 |
| Plaintiff, ) | |
| ) | Judge Lienenweber |
| v. ) | |
| ) | Magistrate Judge |
| P.O. KURI, P.O. KEREAKES, ) | |
| P.O. LANDORF, P.O. STAUNTON, ) | JURY DEMAND |
| Individually, and CITY OF CHICAGO, ) | |
| a municipal corporation, ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, DEANDRE MCMICHAELS, complaining against the Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF, P.O. STAUNTON, individually, and the CITY of CHICAGO, a municipal corporation, as follows:

COUNT I – EXCESSIVE FORCE ON LEXINGTON STREET

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, DEANDRE MCMICHAELS, accomplished by acts and/or omissions of the Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF, P.O. STAUNTON and the CITY OF CHICAGO, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, DEONDRE MCMICHEALS, was at all relevant times United States citizen and resident of the State of Illinois.

4. At all relevant times, the Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF, and P.O. STAUNTON were duly appointed Chicago police officers acting within their scope of employment and under color of law.

5. On or about November 11, 2010 the Plaintiff, DEANDRE MCMICHAELS, was at his girlfriend's house at 3946 W. Lexington, Chicago, Illinois.

6. The Defendants, P.O. KURI, P.O. KEREAKES and P.O. LANDORF, entered the Plaintiff's girlfriend's home, arrested her and physically assaulted her.

7. The Plaintiff, DEANDRE MCMICHAELS, was not committing a crime or breaking any laws.

8. The Plaintiff questioned the Defendants actions and had words with the Defendant.

9. The Defendants, P.O. KURI, P.O. KEREAKES and P.O. LANDORF, jumped on the Plaintiff, struck and handcuffed the Plaintiff.

10. The Defendant's use of force was unprovoked.

11. Said use of force was excessive and unreasonable.

12. The Plaintiff, DEANDRE MCMICHAELS, was injured.

13. The actions of the Defendants, P.O. KURI, P.O. KEREAKES and P.O. LANDORF, were intentional, willful and with malice.

14. Said actions of the Defendants, violated the Plaintiff, DEANDRE MCMICHAELS' Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

15. As a direct and proximate consequence of said conduct of the Defendants, P.O. KURI, P.O KEREAKES and P.O. LANDORFF, the Plaintiff, DEANDRE

MCMICHEALS, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

WHEREFORE, the Plaintiff, DEANDRE MCMICHAELS, prays for judgment in his favor and against the Defendants, P.O. KURI, P.O. KEREAKES and P.O. LANDORF, Plaintiff seeks compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II - FALSE ARREST

1-13. The Plaintiff, DEANDRE MCMICHAELS, hereby re-allege and incorporate his allegations of paragraphs 1-13 of Count I as his respective allegations of paragraphs 1-13 of Count II as though fully set forth herein.

14. Thereafter to cover-up their actions the Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF and P.O. STAUNTON arrested and charged the Plaintiff, DEANDRE MCMICHAELS with criminal charges.

15. There were no facts to support probable cause for these charges.

16. These actions of charging and arresting the Plaintiff constitute false arrest.

17. Said actions of the Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF AND P.O. STAUNTON violated the Plaintiff, DEANDRE MCMICHAELS, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

18. As a direct and proximate consequence of said conduct of the Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF and P.O. STAUNTON, the Plaintiff, DEANDRE MCMICHAELS, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

WHEREFORE, the Plaintiff, DEANDRE MCMICHAELS, prays for judgment in his favor and against the Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF and P.O. STAUNTON, Plaintiff seeks compensatory damages, punitive damages, plus attorneys' fees and costs.

COUNT III EXCESIVE FORCE AT THE POLICE STATION

1-13     The Plaintiff, DEANDRE MCMICHAELS, hereby re-allege and incorporate his allegations of paragraphs 1-13 of Count I as his respective allegations of paragraphs 1-13 of Count I as though fully set forth herein.

14.     At the station, one of the defendants slammed Plaintiff's head into the glass of a table at the police station.

15.     Said use of force was excessive and unreasonable.

16.     The Plaintiff was injured.

17.     The actions of the Defendants, P.O. KURI, P.O. KEREAKES and P.O. LANDORF, were intentional, willful and with malice.

18.     Said actions of the Defendants, violated the Plaintiff, DEANDRE MCMICHAELS, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

19. As a direct and proximate consequence of said conduct of the Defendants, P.O. KURI, P.O KEREAKES and P.O. LANDORFF, the Plaintiff, DEANDRE MCMICHEALS, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

WHEREFORE, the Plaintiff, DEANDRE MCMICHEALS, prays for judgment in his favor and against the Defendants, P.O. KURI, P.O. KEREAKES and P.O.

LANDORF, Plaintiff seeks compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT IV—INDEMNIFICATION

1-15. The Plaintiff, DEANDRE MCMICHAELS, hereby reallege and incorporate his allegations of paragraphs 1-15 of Count I, paragraphs 1-18 of Count II and paragraphs 1-19 of Count III as his respective allegations of paragraphs 1-19 of Count IV as though fully set forth herein.

20. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

21. The Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF and P.O. STAUNTON were or are employees of the CITY OF CHICAGO Police Department, who acted within their scope of employment in committing the misconduct described herein.

WHEREFORE, should the Defendants, P.O. KURI, P.O. KEREAKES, P.O. LANDORF and P.O. STAUNTON, be found liable for any of the acts alleged above, the Defendant, CITY OF CHICAGO, would be liable to pay the Plaintiff, DEANDRE MCMICHAELS, any judgment obtained against said Defendants.

<u>**JURY DEMAND**</u>

The Plaintiff, DEANDRE MCMICHAELS, hereby requests a trial by jury.

Respectfully submitted,

DeAndre McMichaels,

<u>/s/ David S. Lipschultz</u>

David S. Lipschultz
Gregory E. Kulis and Associates, Ltd.
30 North LaSalle, Suite 2140
Chicago, IL 60602
(312)580-1830
Atty. No. 6277910